Case 1:12-cv-05738-CBA-RML   Document 13   Filed 11/13/13   Page 1 of 3 PageID #: 105

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

J & H HOLDING COMPANY, LLC, WATERMARK
DESIGNS, LLC, and WATERMARK DESIGNS
HOLDINGS, LTD. a/k/a WATERMARK DESIGNS LTD.,

                Plaintiffs,

-against-

ANTHONY KLOSS and IMPACT ENVIRONMENTAL
REMEDIATION, INC.,

                Defendants.

------------------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 3 2013 ★
**BROOKLYN OFFICE**

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-05738 (CBA) (RML)

AMON, Chief United States District Judge.

On November 20, 2012, plaintiffs J & H Holding Company, LLC, Watermark Designs, LLC, and Watermark Designs Holdings, Ltd. (collectively "Watermark") filed this action against defendants Impact Environmental Remediation, Inc. ("IER"), and Anthony Kloss, IER's sole principal.[1] Watermark alleges that it retained IER as an environmental consultant, first in July 2009, and again in October 2010, to undertake an investigation and remediation of property owned by Watermark in Brooklyn in response to demands by the New York State Department of Environmental Conservation ("NYSDEC"), in part by preparing and submitting a Site Characterization Report ("SC Report") pursuant to an Order on Consent ("OOC") executed between Watermark and the NYSDEC. Watermark alleges that IER did not substantially perform its obligations under the contract by failing to, inter alia, comply with the schedule set by the OOC, submit monthly progress reports as required by the OOC, acknowledge or respond to the NYSDEC's comments on drafts of the SC Report, and provide information to a different environmental consultant retained by Watermark to address the deficiencies with IER's work.

---

[1] Watermark never served Kloss with the complaint, and the complaint is therefore dismissed without prejudice as to him. See Fed. R. Civ. P. 4(m); see also Hosking v. New World Mortg., Inc., No. 07-cv-2200, 2013 WL 5132983, at *1 n.1 (E.D.N.Y. Sept. 12, 2013).

Watermark alleges that it paid IER a total of $154,400 for its work, that IER's failure to perform caused Watermark to violate the OOC, and that it suffered economic loss as a result. Watermark now brings claims for breach of contract, negligence, malpractice, and unjust enrichment.

IER did not respond to the complaint, and on March 4, 2013, upon Watermark's request, the clerk of the court entered default against IER. On April 5, 2013, Watermark moved for a default judgment against IER, seeking entry of judgment in favor of Watermark and against IER in the amount of $154,400. The Court referred the matter to Magistrate Judge Robert M. Levy for report and recommendation. On September 3, 2013, Magistrate Judge Levy issued a Report and Recommendation ("R&R") recommending that the Court (1) grant Watermark's motion for a default judgment; (2) award Watermark $146,010 in damages; (3) award Watermark prejudgment interest, pursuant to N.Y. C.P.L.R. 5001, to be calculated from May 12, 2011, in the amount of $36 per day; and (4) award Watermark postjudgment interest to be calculated pursuant to 28 U.S.C. § 1961(a).

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted). The Court has reviewed the record and, finding no clear error, hereby adopts Magistrate Judge Levy's R&R as the opinion of the Court. The Court, however, modifies the prejudgment interest award so it is instead calculated from May 20, 2011 – the halfway point between December 14, 2010 (the date of the first payment for services that IER did not substantially perform), and October

25, 2011 (the date of the final payment to IER). Accordingly, the Court grants default judgment in favor of Watermark and against IER, and awards Watermark $146,010 in damages, as well as prejudgment interest to be calculated from May 20, 2011, at the rate of $36 per day, and postjudgment interest to be calculated pursuant to 28 U.S.C. § 1961(a). The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 13, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge